**GROSS v. STATE INDUSTRIAL COMMIS-
SION et al.**

No. 15782—Opinion Filed Jan. 19, 1926.

Rehearing Denied April 6, 1926.

1. **Master and Servant—Workmen's Compensation Law — Medical Attention at Employer's Expense—Emergency Treatment.**

A person employed as a telephone operator has no authority, as agent of the employer, to select a surgeon or physician and hospital accommodations for an injured fellow employe.

2. **Same.**

An employer cannot be held responsible for physician and hospital bills incurred by reason of service rendered an injured employe, other than for emergency treatment, unless he refuses to select or engage a physician and hospital accommodations suitable to render and supply all necessary services, within a reasonable time.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from the Industrial Commission.

Action by Oscar Gross to review award of workmen's compensation made by the State Industrial Commission against the Feenberg Pipe & Supply Company and Associated Employers' Reciprocal. Affirmed.

Phil W. Davis, Jr., for petitioner.

Hunt & Eagleton, for respondents.

Opinion by JONES, C. The above entitled cause was instituted in this court by petition on the part of Oscar Gross, petitioner, asking for a review of a certain award of the State Industrial Commission, wherein the petitioner was awarded the sum of $144 compensation for medical and hospital accommodations furnished by one Dr. Clinton and the Oklahoma Hospital, in the city of Tulsa. The award was against the respondents, Feenberg Pipe & Supply Company and Associated Employers' Reciprocal. The petitioner asks for a review of the award, and sets forth numerous alleged errors on the part of the Industrial Commission in rendering same. The complainant or petitioner asks for an award of $1,274.30 for medical and surgical bills and hospital expenses, whereas the award covering such claims is only $144.

The facts as disclosed by the record show that Oscar Gross was an employe of the Feenberg Pipe & Supply Company, and while working for said company as a carpenter, fell from the scaffold upon which he was working, and as a result of the fall sustained a fracture of one arm and one leg. A fellow employe, who was present when the accident occurred, immediately went to the office of the company. No member of the company was present in the office at the time, and he advised a young lady, another fellow employe, of the accident, who immediately phoned the Oklahoma Hospital,

and notified the party answering the phone of the accident, and asked that an ambulance be sent to take the injured employe to the hospital. This request was promptly complied with, and medical and surgical services were immediately rendered to the petitioner on his arrival at the hospital, and apparently all services necessary and possible were rendered by Dr. Clinton and his associates. About 15 or 20 minutes after the ambulance had conveyed the petitioner to the hospital, Mr. Feenberg, one of the members of the company, arrived at the office, and on being advised of the accident and what had transpired, immediately called Dr. Murray and requested him to take charge of the injured employe and render all medical and surgical services necessary; thereupon, Dr. Murray, in the course of a very short time, probably within an hour, went to the Oklahoma Hospital, accompanied by Dr. O'Hern, who was the regular physician of the insurance carrier, and made an examination of the patient, and found that all had been done that was necessary. Whereupon Dr. Murray gave some instructions to the attendants at the hospital concerning the care of the patient, and in the next few days made frequent visits to the hospital to see the petitioner, during which time Dr. Murray discovered that Dr. Clinton was also attending on the petitioner and seemed to consider that petitioner was his, Clinton's, patient, wsereupon Dr. Murray made some investigations and inquiries, consulted with Dr. Clinton, and also with petitioner, Gross, and was advised that his services were no longer wanted, and thereupon dismissed the case, or at least left the petitoner in charge of Dr. Clinton. The petitioner remained in the hospital for several weeks, and the amounts claimed are the charges for medical and surgical services and hospital bills. The Commission made an award covering the expense incurred on and after the 20th day of December, the date on which the injury was sustained, and up to December 27, 1922, inclusive. This includes the period of time that had elapsed before any definite understanding had been reached by the petitioner and tne physicians as to who was in charge of the case. In interpreting the law in force at the time this injury occurred, this court has held that the employer is entitled to the selection of a physician and hospital, and that where the injured employe refuses to accept the offer of services tendered by his employer, but selects physicians and hospital accommodations of his own choice, the employe cannot hold his employer responsible for services rendered under those circumstances.

Petitioner makes the contention that the respondents were bound by the action of Miss Duke, a fellow employe, employed as telephone operator in the office, who called the Oklahoma Hospital, requesting that they send an ambulance and take the injured employe to the hospital; and that having selected the Oklahoma Hospital, Dr. Clinton, who seems to have been in charge of said hospital, was duly authorized and was acting within his rights in immediately taking charge of the patient on his arrival at the hospital and administering whatever aid was necessary, and that by reason of this selection on the part of Miss Duke, the telephone operator, in the office of Feenberg & Company, said respondents were bound by her acts; that she was acting in the capacity of agent, and that a selection having been once made, the respondents had no right or authority to change physicians or hospitals after the injured employe, petitioner, had been placed in this particular hospital, and under the care and charge of Dr. Clinton. This contention would probably be true if Miss Duke, the telephone operator, was in fact such an agent or employe of the company as was authorized to bind the company in transactions of this character, but we cannot agree with this contention. The evidence clearly discloses that Miss Duke was merely a fellow employe of the petitioner, Gross, and under the law then in force as we view it, and in keeping with the authorities, the respondents, Feenberg & Company, had a right to select the physician and the hospital, and having exercised this right or option immediately on being advised of the injury and within a reasonable time, the petitioner could not hold them responsible for any services rendered. The award made seems to have been based upon the theory that respondents were liable for emergency treatment, as provided under section 7288, C. S. 1921, as amended by section 5, chap. 61. page 122, S. L. 1923. This amendment was not in effect at the time the injury occurred here complained of. and we doubt if the award made is authorized, but no attack is made against the award by the respondent, and we therefore affirm the award.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Act C. J. p. 101 § 97. (2) Workmen's Compensation Act C. J. p. 101 § 97 (Anno). (3) Workmen's Compensation Act C. J. p. 100 § 97. See under (1, 3) anno. 7 A. L. R. 545; 28 R. C. L. p. 822; 3 R. C. L. Supp. p. 1599.