## INDUSTRIAL TRACK CONSTRUCTION CO. et al. v. COLTHROP et al.

No. 18505.   Opinion Filed July 24, 1928.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Change of Condition—Judgment Sustained.**

The State Industrial Commission is without power to review an award except where there has been a change in the condition of the claimant subsequent to the award. But where there is competent evidence to support the finding of the Commission that there has been a change in the condition of the claimant, on review in this court, the award and order of the Commission will not be vacated.

2. **Same—Proof of Change of Condition Necessary.**

Before the Commission can reopen a case and award further compensation on account of change of condition, the claimant must establish as a fact that there has in fact been a change of condition since the original award was made, and that the changed condition was due to the original injury.

3. **Same—Workmen's Compensation Act—Duration of Allowance for Medical Bills.**

The Workmen's Compensation Act provides for the allowance of such medical bills as may be necessary during 60 days after the injury, and for such time in excess thereof as in the judgment of the Commission the same may be required.

Original action by the Industrial Track Construction Company et al. to review an award and order of the State Industrial Commission in favor of William Franklin Colthrop. Affirmed.

Lydick, McPherren & Jordan, for petitioners.

A. G. Morrison and A. L. Morrison, for respondents.

HEFNER, J. This is an original proceeding instituted in this court by the Industrial Track Construction Company and the Consolidated Underwriters, as petitioners, seeking to have an order and award of the respondent, the State Industrial Commission, dated June 9, 1927, reviewed and set aside on account of certain alleged errors. The respondent, William Franklin Colthrop, will be referred to as claimant. The State Industrial Commission will be referred to as the Commission. The petitioner, Industrial Track Construction Company, will be referred to as the employer, and the Consolidated Underwriters will be referred to as the insurance carrier.

The claimant was injured on April 13, 1926, while he was helping to carry crossties; he stepped on soft dirt and nearly fell to the ground, and in doing so sprained his hip.

Thereafter, he was treated by Dr. Dever of El Reno, and about the 16th day of July, 1926, at the request of the insurance carrier, went to Tulsa for medical examination and treatment by Dr. Glass. Claimant stayed at Tulsa for about a week, and as he still complained, he was placed in the Sand Springs hospital for observation. At the time he went to Tulsa he was using crutches. On the second day after entering the hospital, he threw aside his crutches. On August 1st, he stated to Dr. Glass that he was able to return to work, and that he had been carrying long benches about the hospital grounds to see if he had strength to work, and that he had regained his strength and had no pain at all and wanted to be discharged from the hospital. The doctor discharged him, whereupon he went to the office of H. O. Roberts, attorney for the insurance company, and told him he had fully recovered and was anxious to go home, and there voluntarily made a statement which was reduced to writing and which was introduced in evidence. A settlement was made between claimant and the employer and insurance carrier at that time, and claimant left for his home. In his evidence, in the last hearing before the Commission, he stated that before he got home he found from traveling a long journey on the train that he was not in good shape, and that his condition became worse than it was when he signed the receipt.

On August 19, 1926, the Commission made an order and award, by the terms of which claimant was awarded compensation in the sum of $182, and no review of this award was had by this court. On August 21, 1926, the claimant filed a motion to continue compensation, and on May 20, 1927, the Commission held a hearing thereon, at which hearing the claimant testified that the last money he drew was at Tulsa on August 1, 1926, when he came in from the hospital and thought he was "on the mend"; that prior to that he had been on crutches, and after he started home he learned he was mistaken about having recovered and this was after he had signed the stipulation and receipt; after he got home he found that he had not recovered, but in fact was worse than he was when he signed the receipt on August 2, 1926. He admitted on cross-examination that he had made the statement to Dr. Glass on the day of his discharge that he was feeling better, and was able to go back to work, and that Mr. Roberts came to the hospital, and he took a long walk around the hospital grounds with him, and that he went in to Tulsa and made a written statement to the effect that he had fully recovered and was able to return to work; that he received the money from the insurance company and started home and by the time he got to Cushing he was getting considerably worse.

Four witnesses testified that prior to April 13, 1926, they had observed the claimant in his work, and there appeared to be nothing the matter with him until after the injury, after which he walked around in a stooped position.

Dr. John W. Riley testified that, on September 22, 1926, he made a physical examination of the claimant, and found he had a mouth full of bad teeth and infected tonsils, and as a result thereof there had been produced in the fibrose tissues of his body, and especially in the back, that condition known as fibrositis, which is a degenerative process and is the result of disease rather than trauma. He also testified that he was of the opinion there was no residue of disability that could be attributed to the accident of April 13, 1926.

Dr. Glass testified that, on August 2, 1926, the time he discharged the claimant, there was no direct causal connection between the alleged sprain and any disability, and that he felt the claimant was able to work on that date.

Dr. Dever testified that in his opinion claimant was suffering from the injury received on April 13, 1926, but whether or not the fibrositis was present would be a question too deep for a man in general practice.

Upon this evidence the Commission made its award and order on June 9, 1927, and

found there was a change in the condition of the claimant after August 2, 1926, and by reason thereof the claimant was entitled to compensation in the amount of $257.73, and further found that the petitioners should pay Dr. Dever the sum of $160 for professional services rendered claimant on account of such injury. The petitioners urge that the Commission is without power to review an award except where there has been a change in condition subsequent to the award itself, and the record is wholly devoid of any evidence to show any change in condition subsequent to the 19th day of August, 1926, the date of the award sought to be reviewed.

On August 1, 1926, the claimant testified he thought he was well. Believing this, he asked to be discharged from the hospital and signed a receipt in settlement in the sum of $182. Based on this settlement, the Commission entered its award on August 19, 1926, and no evidence was taken as to the condition of the claimant on the date the award was made. The Commission made its award on August 19th on the theory that the claimant was well and again able to perform his duties to the same extent and in the same manner as he was before the accident of April 13th. The claimant on August 21, 1926, two days after the award was made, filed a motion for continuance of the compensation. The Commission heard this motion in May, 1927, and after taking the evidence, came to the conclusion that there was a changed condition and awarded additional compensation.

In order to reopen a case and award further compensation, there must be a "change" of condition. The claimant must also establish the fact that there has been a change in condition since the original award was made, and that the change was due to the original injury.

It is probably true that, on the 19th of August, the date of the award, the claimant was in as bad condition as he was at the time the Commission heard his motion for further compensation. The award of August 19th, however, was based upon the condition of the claimant on August 2nd, and not upon his condition as August 19th, because no evidence was taken as to his condition on that date. We think, therefore, it would be equitable and right to take his condition as of August 1st or 2nd, at the time the settlement was made.

In addition to this, the original award was made on the theory that the claimant was a well man. His evidence discloses that he was not a well man on August 19th, the date of the award. We think, under all the facts of this case, the Commission was justified in finding there had been a change in the condition of the claimant, and in taking jurisdiction and awarding further compensation.

The petitioners further urge that there is no competent evidence to even show a change in the condition of the claimant after August 2, 1926, and where the findings of the Commission are without any evidence to sustain them, such findings and award based thereupon are reviewable by the Supreme Court as a matter of law. If there was no competent evidence to show a change in condition, the petitioners have made a correct statement of the law. Upon a review of the evidence, however, we think there was competent evidence upon which the Commission could and did base its findings as to a change in the condition of the claimant.

It is also urged that the Commission erred as a matter of law in allowing the medical bill of Dr. H. A. Dever in the amount of $160, because there was no competent evidence to support the necessity for treatment rendered after the expiration of three weeks from April 13, 1926.

The law provides for the allowance of such medical bills as may be necessary during 60 days after the injury, and for such time in excess thereof as in the judgment of the Commission the same may be required. The Commission, after finding there had been a change in the condition of the claimant, made an award allowing the medical bill of Dr. Dever. In doing so, it necessarily found that there was a necessity for the treatment of the claimant after the expiration of 60 days from April 13, 1926, and there was competent evidence upon which to base this finding.

Under these facts, the award of the Commission will not be vacated.

LESTER, HUNT, CLARK and RILEY, JJ., concur.

Note.—See under (1) Workmen's Compensation Acts—C. J. p. 132, §151; 28 R. C. L. p. 827. (3) Workmen's Compensation Acts—C. J. p. 100, §97.