**McARTHUR OIL CO. et al. v. BROCK et al.**

No. 23748. Opinion Filed Nov. 29, 1932.

Rehearing Denied Jan. 7, 1933.

Jas. C. Cheek and Frank E. Lee, for petitioners.

Cooke & Jackson and A. L. Jeffrey, for respondent W. J. Brock.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for State Industrial Commission.

CULLISON, J. This is an original action before this court to review an award made by the State Industrial Commission on May 12, 1932, in a case decided by the Industrial Commission there styled "W. J. Brock, Claimant, v. Independent Welding Company, Petroleum Pipe Line Company, McArthur Oil Company, Respondents, and Fidelity Union Casualty Company, Insurance Carrier for McArthur Oil Company."

Said award is in favor of claimant, finding that he sustained an accidental injury on April 4, 1931, while engaged in a hazardous employment, and fixing his compensation at $18 per week, for a period not exceeding 300 weeks, an indeterminate award, the sum of $1,020 being the amount accrued at time of the award, which amount is directed to be paid. Claimant was an employee of the respondent Independent Welding Company. Under the award of the Commission, the employer Independent Welding Company is held directly and primarily liable. The respondents Petroleum Pipe Line Company, the McArthur Oil Company, and its insurance carrier are held secondarily liable.

This review of the award is being sought by the McArthur Oil Company and its insurance carrier, Fidelity Union Casualty Company, only.

Two questions are raised for determination by this court: (1) That there was no evidence to support the Commission's finding that the welding work was being done for McArthur Oil Company; and (2) that the order cannot stand because there was no finding by the Industrial Commission that the principal employer had failed to require that the direct employer comply with the Workmen's Compensation Law.

The fifth finding of fact in said award is that claimant at the time of said accidental injury was employed by respondent Independent Welding Company, and that said respondent was a subcontractor for the Petroleum Pipe Line Company and the McArthur Oil Company.

The record is voluminous, and space will not permit its reproduction here. Suffice to say, a fair summary of the testimony of the superintendent of the work at the loading rack where claimant suffered his injury was that he recognized only one employer, whom he referred to as McArthur Oil Company. It appears from his testimony that the Petroleum Pipeline Company was only a dummy, treated as a department of the McArthur Oil Company, and to which certain items of expense were allocated. The McArthur Oil Company was the producing company, and its subsidiary, the Petroleum Pipe Line Company, of which this superintendent was the president, was required to handle transportation of the parent company's oil, both functioning through the same

officials, the same workmen, and out of the same office. The money with which all employees of both companies were paid, came from the McArthur Oil Company. The superintendent, Mr. Gaylord, said he never understood the arrangement himself, that the office was a sort of dummy office, the conditions being that "we had to have a market for our oil, and we built this loading rack to send out that oil." Mr. Gaylord often referred to the Petroleum Pipe Line Company as the pipe line department.

It is apparent that the two companies were one in interest, R. A. McArthur being the moving spirit of both companies. The mere fact that the McArthur Oil Company acted through this dummy company does not relieve it of its legal liability. The finding of fact by the Commission, supra, that the loading rack in question was being built for both companies, is amply sustained by the evidence, and will not be disturbed by this court on review.

Petitioners' second contention, supra, cannot prevail, in view of the record, which contains the testimony of T. R. Thompson, one of the partners composing the Independent Welding Company, that his company did not carry workmen's compensation insurance. That testimony stands undisputed. Under this state of the record, the Commission was bound, as a matter of law, to find that the Independent Welding Company had not complied with the Workmen's Compensation Law. Such finding was covered by the general finding in favor of claimant and against the Petroleum Pipe Line Company and McArthur Oil Company. A general finding in favor of one party is, in effect, a favorable finding on each and every special matter necessary to support the general finding. Indian Territory Illuminating Oil Co. v. Crow, 147 Okla. 229, 296 P. 451.

After a careful consideration of the case at bar, we are of the opinion and hold that the award of the State Industrial Commission is supported by the law and the evidence, and should be affirmed.

Claimant, at page 18 of his brief, moves this court for judgment on the bond filed before the Industrial Commission, conditioned that petitioners will pay said award if the same is affirmed by the Supreme Court of this state. No response and no objection to said motion has been filed by the petitioners.

This bond, under chapter 30, S. L. 1929 [O. S. 1931, sec. 13363], relative to the character of the undertaking, seems to contemplate a conditioned obligation, the liability thereof to be determined by such order as the Commission may make after the appeal has been decided by the Supreme Court.

There being no statutory provision and no rule of this court authorizing or providing such procedure, and the chapter on appeals, supra, requiring the State Industrial Commission to enforce the judgment, we conclude that the motion of claimant for judgment on the appeal bond should be denied by this court.

RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.

Note: See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6255; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.