## OKLAHOMA PORTLAND CEMENT CO. v. FRAZIER et al.

No. 28185.   Dec. 13, 1938.

Rehearing Denied Jan. 17, 1939.

Application for Leave to File Second Petition for Rehearing Denied Feb. 28, 1939.

Warren B. Kice, for petitioner.

A. H. Huggins and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Oklahoma Portland Cement Company, hereafter referred to as petitioner, to obtain a review of an order made by the State Industrial Commission on September 8, 1937, which directed petitioner to pay to Cummings-Foerster Clinic the sum of $259 for medical services rendered by them to and at the instance of Fred Frazier, hereafter referred to as respondent.

The essential facts as shown by the record will be briefly stated: On January 9, 1932, the respondent, while in the employ of the petitioner, sustained an accidental personal injury which was compensable under the provisions of the Workmen's Compensation Act (O. S. 1931, section 13348 et seq. as amended, 85 Okla. St. Ann. sec. 1 et seq.). The petitioner paid compensation and provided medical care and attention until July 12, 1932, at which time respondent demanded further and additional medical care and notified the petitioner that if such demand was not complied with by July 19, 1932, application would be made to the State Industrial Commission to com-

pel compliance therewith. Thereafter, and on August 25, 1932, the respondent went to the Cummings-Foerster Clinic and had them to give him medical treatment from then until May 24, 1933. In the meantime respondent had made an application and amended application to the State Industrial Commission to compel the petitioner to pay for the medical attention which he had thus procured and also to require furnishing of additional medical care and attention. In the application so made the respondent alleged that the petitioner had furnished him medical care until July 11, 1932, and had refused to furnish him any further medical service thereafter, and that his condition was such as to necessitate further treatment, and that he had therefore procured such services from other sources. As a result of hearings held to determine the issue thus presented the Industrial Commission on September 7, 1933, made and entered an order wherein it found that the petitioner had provided medical care and attention from January 18, 1932, to September 1, 1933, and directed the petitioner to continue payment of compensation and to tender respondent reasonable medical care. The order so made was complied with by the petitioner and became final. Petitioner thereafter filed an application to discontinue further payments of compensation. Thereupon Dr. I. O. Cummings sought an adjudication by the commission of the claim of Cummings-Foerster Clinic, and as a result of hearings held on this application the commission, on February 26, 1935, entered an order wherein it again found that the petitioner had provided respondent with medical care and attention until September 1, 1933, and thereafter pursuant to order of the commission entered September 7, 1933, and sustained the motion of the petitioner to discontinue further payment of compensation. This latter order was vacated March 28, 1935, and thereafter further orders were entered which are not material to the matters here under consideration. Subsequently Dr. H. A. Foerster applied to the commission for an order approving the claim of the Cummings-Foerster Clinic, and as a result of hearings commenced on May 10, 1937, and held to determine the liability for and reasonableness of said claim, the commission entered an order on June 28, 1937, wherein it approved said claim and held that the petitioner was liable therefor and directed it make payment thereof. This order was vacated on July 23, 1937, and thereafter, on September 8, 1937, the order which we are now called upon to review was duly entered, and therein the commission states that the services rendered were reasonably necessary, and that the petitioner was liable therefor, and directed it to make payment.

The question thus presented for decision is whether the State Industrial Commission, under the facts as shown by the record, and as hereinabove stated, had jurisdiction to enter the order now under review.

The right of an employee to medical care and attention and the liability of the employer in the event of failure to provide such care and attention are prescribed by statute. The applicable provision being section 13354, O. S. 1931, 85 Okla. St. Ann. sec. 14, which reads as follows:

"The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary during 60 days after the injury or for such time in excess thereof as in the judgment of the commission may be required. If the employer fails or neglects to provide the same within a reasonable time after knowledge of the injury, the injured employee, during the period of such neglect or failure, may do so at the expense of the employer: provided, however, that the injured employee or another in his behalf, may obtain emergency treatment at the expense of the employer where such emergency treatment is not provided by the employer. Whoever renders medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus, or emergency treatment, shall submit the reasonableness of the charges to the State Industrial Commission for its approval and such charges shall be limited to such charges as prevail in the same community for similar treatment of like injured persons, and when so approved shall be enforceable by the commission in the same manner as provided in this act for the enforcement of compensation payments; provided, however, that the foregoing provision, relating to approval and enforcement of such charges, shall not apply where a written contract exists between the employer or insurance carrier and the person who renders such medical, surgical or other attendance or treatment, nurse and hospital service, or furnishes medicine, crutches or apparatus. The commission shall have authority to order a change of physicians at the expense of the employer when, in its judgment, such change is desirable or necessary: provided, the employer shall not be liable to make any of the payments provided for in this section, in case of a contest of liability, where the commission shall decide that the injury does not come within the terms of this act."

It will be noted that the statute makes

it the mandatory duty of the employer to provide an injured employee medical, surgical, and other attendance during 60 days following an injury or for such time in excess thereof as in the judgment of the State Industrial Commission is required, and that it is only where the employer fails to perform the duty placed upon him by statute that the employee is authorized to procure at the expense of the employer the services which should have been provided by him. When, however, the employer has provided the things required of him for the term prescribed by the statute, he has performed his full duty up to that date. Aetna Life Ins. Co. v. Watts. 148 Okla. 28, 296 P. 977. Thereafter the employee is not authorized to procure medical care and attention at the expense of his employer, as a matter of right, but must rely upon the State Industrial Commission to make the necessary order directing the employer to continue such medical care and services if in the judgment of the commission such is required. Here we have a situation where an employer had furnished medical care and attention for more than 60 days after the injury of the employee and where the Industrial Commission, after hearings held upon the application of the respondent to compel the petitioner to pay for medical services here involved and which had been procured by the respondent, had, by order of September 7, 1933, found that the petitioner had discharged the duty imposed upon it by statute and during the time that the respondent had received treatment at the hands of Cummings-Foerster Clinic, and had merely directed the petitioner to continue payment of compensation and to tender respondent reasonable medical care. The effect of the order so made was to hold that the petitioner was not liable for the medical service which the respondent had procured from and between August 25, 1932, and May 24, 1933. McArthur Oil Co. v. Brock. 161 Okla. 244, 17 P.2d 686; Indian Territory Illuminating Oil Co. v. Crow, 147 Okla. 229, 296 P. 451.

The order made by the commission on September 7, 1933, became final, and thereafter the commission was without jurisdiction to permit a relitigation of the liability of the petitioner for medical services rendered at the instance of the employee, it having decided this contention adversely by its order of September 7. 1933. Texas Company v. Atkinson, 178 Okla. 480, 62 P.2d 1204; Union Indemnity Co. v. Saling, 166 Okla. 133, 26 P.2d 217; Skelly Oil Co. v. Daniel, 154 Okla. 199, 7 P.2d 155. The claim of the Cummings-Foerster Clinic was ancillary to and dependent upon the existence of a statutory liability upon the part of the petitioner to the respondent, and it having been ascertained by the commission several years ago that no such liability existed, the State Industrial Commission was without jurisdiction to entertain the claim when it was presented again in 1937, and should have dismissed the same for lack of jurisdiction. The order here submitted for review was without authority of law.

Order vacated.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ., concur.