J. B. KLEIN IRON & FDRY. CO. v. KELLER et al.

No. 29916. April 8, 1941.

*112 P. 2d 379.*

S. S. Wachter and Lloyd C. O'Dell, both of Oklahoma City, for petitioners.

Claud Briggs and John Morrison, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by J. B. Klein Iron & Foundry Company, hereinafter referred to as petitioner, and its insurance carrier to obtain a review of an order made by the State Industrial Commission on May 21, 1940, which required them to pay for certain medical and hospital services rendered to Edward C. Keller by Dr. Frank Harbison and Oklahoma City General Hospital, hereinafter referred to as respondents.

The order under review directed the payment of the sum of $507 to Dr. Frank Harbison for professional services which he had rendered to the said Edward C. Keller between May 3, 1938, and November 24, 1939, and to Oklahoma City General Hospital the sum of $110.30 for hospitalization of the said Edward C. Keller from September 17, 1937, to February 27, 1938, and the sum of $655.25 for similar services rendered between August 4, 1938, and November 24, 1939.

The authority of the State Industrial Commission to make the particular order involved is the sole issue presented for determination.

The record presents, substantially, the following state of facts: Edward C. Keller claimed that he had sustained a compensable injury while in the employ of the petitioner. The petitioner denied this and neither paid compensation nor furnished any medical or hospital attention whatsoever. Thereafter, on July 26, 1938, the State Industrial Commission awarded both compensation and medical attention, and on review this court modified and sustained said award. See J. B. Klein Iron & Foundry Co. v. State Industrial Commission, 185 Okla. 424, 93 P. 2d 751. The respondents had furnished the said Edward C. Keller with medical and hospital attention and care both prior and subsequent to the award which was made by the State Industrial Commission, and after said award was sustained by this court filed their claims

with the State Industrial Commission for determination of the necessity and reasonableness and for allowance and payment. The commission by its order found that the claim of Dr. Harbison was reasonable and that the services rendered were necessary and allowed the same in full; found that the claim of the Oklahoma City General Hospital should be reduced, and that the services rendered were necessary and made the allowances hereinabove set forth. The amounts directed to be paid are not challenged on the ground of any lack of necessity for the services rendered or upon the theory that they are unreasonable. It is rather the contention of the petitioner that the services were rendered more than 60 days after the injury of the said Keller, and that therefore the State Industrial Commission was without authority to consider said claims or to make any order in the premises. In support of the contention so made we are cited to section 13354, O. S. 1931, 85 Okla. St. Ann. § 14; Oklahoma Portland Cement Co. v. Frazier, 184 Okla. 321, 87 P. 2d 328, and Schneider on Workmen's Compensation (1936 Ed.) vol. 2. We are of the opinion that the authorities thus cited do not support the contention sought to be made. In Oklahoma Portland Cement Co. v. Frazier, supra, we said:

"Workers engaged in employments defined as hazardous by the Workmen's Compensation Act (O. S. 1931, section 13348 et seq., as amended, 85 Okla. St. Ann. § 1 et seq.) who sustain injuries which are compensable under said act are entitled to receive as a matter of right from the employer prompt medical, surgical, and other attendance and treatment as may be necessary during 60 days after an injury and for such time in excess thereof as in the judgment of the State Industrial Commission may be required. (Section 13354, O. S. 1931, 85 Okla. St. Ann. § 14.)"

In the cause now under review it appears that the petitioner neither furnished nor offered to furnish medical or hospital attention either during the 60-day period or after the award of July 26, 1938, had been made, and under these circumstances it must be held that the petitioner elected to assume the risk of all liability in the matter, which included not only the risk of being called upon to pay compensation, but also to pay all necessary medical and hospital expenses which the employee might incur, subject only to a determination of the necessity therefor and of the reasonableness of the charges made in connection therewith. Where an employer has discharged the duties imposed upon him by statute, then he can invoke the protection which the statute affords him. Where, however, he elects to deny all responsibility, and he is thereafter found liable by the State Industrial Commission, he must abide the consequences, and the finding of fact by the commission with respect to the necessity and reasonableness of the medical charges in such case, if reasonably supported by any competent evidence, will not be disturbed by this court on review. Pine Valley Lumber Co. v. Watson, 184 Okla. 498, 88 P. 2d 610.

No error of law is presented. Order sustained.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, and GIBSON, JJ., concur.