CITY OF BRISTOW et al. v. CAPPS et al.

No. 35824.

Supreme Court of Oklahoma.

Oct. 6, 1953.

injury and claim for compensation alleging that he sustained an accidental injury on the 19th day of April, 1950, when he wrenched his back. An award was made based upon the finding that he had sustained an accidental injury on this date and this award became final. Thereafter on April 15, 1952 claimant filed an application to re-open on the ground of change of condition and on November 2, 1952 the award on the ground of change of condition was entered which we are requested to review.

Petitioners do not contest the cause and extent of the disability. In the award on the change of condition the State Industrial Commission allowed expenses for medical treatment to the extent of $639.32. These medical expenses were incurred between December 5, 1951, and March 18, 1952. The sole issue is that since these medical services were incurred before the filing of the application for an award for change in condition on April 15, 1952, the State Industrial Commission was without jurisdiction or power to enter an order for the payment of expenses.

The record discloses that on December 4, 1951, claimant addressed a letter to the State Insurance Fund stating that he had sustained a change of condition; that he had been examined by a doctor who advised him that he had further disability. On December 5, 1951, the State Insurance Fund answered this letter stating that according to the position of the Fund it would not be able to allow or consider any change of condition. Apparently this letter was written without any attempt to inquire as to whether or not there had been a change in the condition of claimant. Thereafter the medical expenses were incurred.

Petitioners rely upon Williams v. Central Dairy Products Co., 205 Okl. 266, 236 P.2d 984, 986, and in effect argue that the award for the original injury had become final and remained so until the application to re-open filed on April 15, 1952, and that petitioners cannot be charged with any disability, or for any medical expenses incurred before that time. We do not agree. It may be readily seen that Williams v.

Mont R. Powell, William R. Saied, Sam Hill, Oklahoma City, for petitioners.

Jones, Blackstock & Jones, Bristow, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Justice.

This is a proceeding to review an award made to Oscar Capps, claimant, on the ground of change of condition. On April 26, 1950, claimant filed his first notice of

Central Dairy Products, supra, has no reference or application to expenses for medical services duly incurred in connection with an award arising on a change of condition. Therein it is stated:

"* * * The Commission is therefore without power to modify or change the award except upon a showing of change in condition; and since the right to reopen on that ground is now barred by limitation and the Commission is without power to award petitioner additional compensation, it is likewise without power to require respondents to furnish him with further and additional medical treatment. * * *"

 These words in themselves acknowledge the correct rule. It is within the jurisdiction of the State Industrial Commission to allow medical expenses incurred in an award for a change in condition in the same manner as in the original award. There is no authority either cited or found by us to the contrary. It would be just as reasonable to say that no medical expense could be incurred prior to the filing of the original claim even though request had been made for medical treatment and the employer knew fully of the need therefor. Such contention is untenable. In Pine Valley Lumber Co. v. Watson, 184 Okl. 498, 88 P.2d 610, it is stated:

"Where medical and surgical expenses are properly allowed by the State Industrial Commission under the provisions of Section 13354, O.S.1931, 85 Okl.St.Ann. § 14, the award will not be vacated because there is not shown a specific demand for medical or surgical services and a refusal to furnish the same as formerly provided in Section 7288 C.O.S.1921, 85 Okl.St.Ann. § 14.

This case was one in which we considered a disability arising upon a change in condition. See, also, in this connection Oklahoma Utilities Co. v. Johnson, 179 Okl. 456, 66 P.2d 10; U. S. Casualty Co. v. Steiger, 179 Okl. 407, 66 P.2d 55.

The question of whether or not the medical expenses are reasonably incurred under 85 O.S.1951, § 14, is one of fact and where the evidence reasonably sustains the finding of the State Industrial Commission that they were incurred in connection with the disability the finding of the State Industrial Commission in this respect will not be changed on review.

Award sustained.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, O'NEAL and BLACKBIRD, JJ., concur.