**FEATHERSTONE CABINET SHOP et al.**

v.

**LEBOVITZ et al.**

No. 36189.

Supreme Court of Oklahoma.

April 20, 1954.

Rehearing Denied May 18, 1954.

Mont R. Powell, William R. Saied, Oklahoma City, for petitioners.

Gerard K. Donovan, Tulsa, Mac Q. Williamson, Atty. Gen., Milsten, Milsten & Morehead, Tulsa, Okl., for respondents.

CORN, Justice.

This is an original proceeding brought by Featherstone Cabinet Shop, employer, and the State Insurance Fund, insurance carrier, to review an award of the State Industrial Commission made to Sam Lebovitz, claimant.

Claimant, a cabinet maker, age 39 years, was injured September 26, 1951, when he fell from a stepladder. The evidence discloses that temporary total disability was established by an order of May 9, 1952. There was no finding in the order that temporary disability had ceased. This fact is recognized by payment by petitioners to and including the period ending October 23, 1952.

The present order is based on hearings commenced on July 20, 1953. The order was entered July 30, 1953. Claimant testified that his payments were stopped on November 12, 1952; that when his payments were stopped he sought medical advice and treatment of several physicians. Apparently there was no difficulty about medical treatment or payment of temporary disability until on or about November 12, 1952. On or about that date petitioners received a report from their doctor indicating that temporary disability had ended. Claimant testified that the doctors at the clinic he was attending at the direction of petitioners informed him he needed no further treatment; that he thereafter went to certain physicians at Tulsa, Oklahoma, and one physician at Chicago. He was finally placed in a hospital at Tulsa and treated by a physician there. The two principal bills involved in the hearing conducted July 20, 1953, and for which an award allowing these bills was entered on July 30, 1953, were for this hospital bill and the principal physician treating claimant.

Petitioners present two arguments based on the following portions of the order:

"That by reason of said accidental injury, claimant was further temporarily totally disabled from October 23, 1952, to the date of the last hearing in the cause and is still temporarily totally disabled to carry on ordinary manual labor and in need of further medical treatment, which should be furnished him at the hands of Dr. Ian McKenzie, Tulsa, Oklahoma, at the expense of respondent and/or insurance carrier; and that all reasonable and necessary medical, hospital, nurses, and travel expense incurred by claimant as a result of said injury since October 23, 1952, should be paid by respondent and/or insurance carrier."

It is first argued that the State Industrial Commission erred in allowing the bills since October 23, 1952. Petitioners cite Sheldon Oil Co. v. Thompson, 176 Okl. 511, 56 P.2d 1171; Gross v. State Industrial Commission, 117 Okl. 33, 245 P. 580.

As pointed out in Oklahoma Utilities Co. v. Johnson, 179 Okl. 456, 66 P.2d 10, the statement in Sheldon Oil Co. v. Thompson, supra, to the effect that claimant must request medical treatment is incorrect and the employer cannot escape liability simply because there is no request made by the claimant where the employer is charged with knowledge that claimant is in need of medical treatment and the cases so holding were based upon the statute prior to the amendment in 1923. The general rule is the employer or insurance carrier has the right to designate the physician to treat the claimant. But as stated in Skelly Oil Co. v. Collins, 181 Okl. 428, 74 P.2d 619, where the employer refuses to furnish medical treatment the claimant may obtain such treatment and the employer or insurance company will be liable. And in Scruggs Bros. & Bill Garage v. State Industrial Commission, 94 Okl. 187, 221 P. 470, it was held that although the employer has the right to furnish medical treatment and designate the physician to furnish the same where the employer reasonably implies that claimant may select the physician the employer is liable if the charges are reasonable.

It must be remembered that petitioners stopped the payments of compensation without any order of the State Industrial Commission and prior to a determination that the temporary disability had ended on the report of their one physician.

We have held that the right to medical treatment is not limited to the 60 day period but the State Industrial Commission has authority to direct treatment thereafter. Oklahoma Portland Cement Co. v. Frazier, 184 Okl. 321, 87 P.2d 328; McMurtry Bros. v. Angelo, 139 Okl. 236, 281 P. 964.

The order as made is perhaps too broad and it should be limited to the medical expenses authorized, but when the evidence presented in the case under consideration is taken in connection with the authority of the State Industrial Commission under 85 O.S.1951, § 14, it does not appear that it was the intention of the State Industrial Commission to allow any medical bills not considered at the hearing conducted July 20, 1953. The order allowing the medical bills is modified to include the bills authorized and considered at this hearing and as so modified is approved.

In a second proposition it is argued that the Commission erred in directing that claimant be treated further by Dr. Ian McKenzie. The petitioners cite and rely upon Sappington-Hickman, Inc., v. State Industrial Commission, Okl., 262 P.2d 707. This case and related cases deal with the primary right of the employer or the insurance carrier to furnish medical treatment and designate the physician to furnish the same prior to the orders of the State Industrial Commission authorized to be made by 85 O.S.1951, § 14. In that section it is provided:

"* * * The Commission shall have the authority to order a change of physicians at the expense of the employer when, in its judgment, such change is desirable or necessary; * * *."

No objection was made by the petitioners at the time the order was entered directing Dr. McKenzie to treat claimant on the ground that petitioners would furnish the necessary medical treatment and it is not shown that there will be any prejudice to the petitioners by the treatment of a local physician in claimant's home town. When it is shown that there is some prejudice to the petitioners or that the treatment offered is too expensive petitioners may apply for a change of treatment under the above provision.

We find no error in the order directing treatment by Dr. McKenzie as made.

Finally it is argued that because claimant sought other medical treatment and refused to take treatment at the clinic in Oklahoma City the State Industrial Commission should not have made a further award for temporary disability. We cannot agree. The record discloses that claimant was advised by the physician chosen by petitioners that his healing period had ended and that he was no longer in need of medical treatment. This testimony is borne out by the statement of the attorney for petitioners at the hearing on July 20, 1953, that payments had been stopped on the report of its physician. Since the record discloses that the healing period had not ended and the temporary disability continued, we are of the opinion that the State Industrial Commission was thoroughly justified in finding that there was further disability and ordering payment therefor. The evidence in this case shows the employer took the position that the healing period had ended and stopped compensation. The claimant went to another doctor and respondent and insurance carrier were ordered to pay that bill. Under its finding this was proper. The Commission found further treatment was necessary and the employer failed to offer to provide this. That is tantamount to a refusal. Under such circumstances the Commission could order further treatment and designate the doctor.

The award of the State Industrial Commission is sustained.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

ARNOLD, J., concurs in result.