DOUGLAS AIRCRAFT COMPANY, Inc., and Employers Mutual Liability Insurance Company of Wisconsin, Petitioners,

v.

Tobie R. TITSWORTH and the State Industrial Court, Respondents.

No. 38897.

Supreme Court of Oklahoma.

Oct. 25, 1960.

Sanders & McElroy and Dale F. Whitten, Tulsa, for petitioners.

C. Lawrence Elder, Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

BERRY, Justice.

On January 3, 1958, claimant admittedly sustained an accidental personal injury to his back which arose out of and in the course of his employment. Although he continued to perform work, he was in need of medical attention, which in form of heat therapy was furnished to him at the plant dispensary. When the condition grew progressively worse and intense pain persisted without any relief, claimant consulted Dr. M., an orthopedist, who advised him that corrective surgical procedure was required to alleviate the effects of his injury. On employer's refusal to furnish the same, claimant, on November 12, 1958, entered the hospital and submitted to an operation by Dr. M. It consisted of a removal of the lumbosacral disc followed by a fasciotomy and fusion of the lumbosacral joint. This surgery, the record shows, was performed by Dr. M. while claimant's application for necessary medical treatment was being considered by the State Industrial Court but prior to the determination thereof by a final order of the trial tribunal.

On July 13, 1959, a hearing was held on the merits of the claim. The trial judge, upon the conclusion of the evidence, found, among others, that: (a) claimant, as a result of his accidental personal injury, sustained 15 per centum permanent partial disability to the body as a whole; (b) the services of Dr. M. were rendered after employer's refusal to furnish the surgery on demand by the claimant; (c) the services of Dr. M. were necessary to correct a condition produced by the compensable injury, and the charges for medical and hospital expenses of $921 were reasonable. An award was entered in accordance with the findings as outlined. On appeal to the State Industrial Court en banc the action of the trial judge was adopted and affirmed.

The question submitted for our consideration on review pertains only to that portion of the award which adjudges the employer liable for medical and hospital expenses incurred by claimant in connection with Dr. M.'s services.

Employer contends the State Industrial Court erred in directing that claimant be reimbursed for medical and hospital expenses incurred in connection with Dr. M.'s treatment and surgery. The reasons in support of this argument are: (a) there is an absence of any competent evidence to support the finding of the trial tribunal that claimant made a demand for such treatment and that same was refused; (b) Dr. M.'s treatment and surgery occurred more than 60 days after the injury and were performed without a prior specific authorization of and direction by the State Industrial Court; (c) there is no competent proof upon which to base the award for medical and hospital attention in the sum of $921. In our discussion we shall follow the order in which the argument is outlined.

At the hearing on October 7, 1958, the evidence discloses, the parties entered into a stipulation relative to the employer's prior refusal of an operation. Claimant also testified to that effect. These facts stand uncontroverted. The employer, as shown by the record, has always maintained that the accidental injury suffered by claimant did neither disable him nor did it require any medical treatment beyond that of heat therapy which had been furnished to him at the plant dispensary.

■■ The evidence so outlined is amply sufficient to apprise the trial tribunal that the employer knew of claimant's asserted need for corrective disc surgery and was afforded an opportunity to provide the necessary services. It is apparent that the employer, relying upon the contrary opinion of its physicians, elected to deny this responsibility. In so acting, the employer assumed the consequences which would follow such refusal in case the trial tribunal should find, as it subsequently did, that the requested operation was in fact necessary to restore the injured claimant to a productive capacity.

Under the provisions of 85 O.S.1951 § 14, even in the absence of a prior specific request or demand, the employer may not escape liability for medical attention procured by an injured workman during the period of employer's failure to furnish treatment, if the employer had knowledge of the workman's need in this regard, and the State Industrial Court found from competent evidence that the medical expenses incurred were necessary and otherwise properly allowable. McAlester v. Tooman, Okl., 338 P.2d 1083; Higley v. Schlessman, Okl., 292 P.2d 411; Featherstone Cabinet Shop v. Lebovitz, Okl., 270 P.2d 653; City of Bristow v. Capps, Okl., 261 P.2d 891; W. T. Robinson Trucking Co. et al. v. Womack et al., Okl., 266 P.2d 971; Frank & Sharp v. Whiting, Okl., 276 P.2d 759; Pine Valley Lumber Co. v. Watson, 184 Okl. 498, 88 P.2d 610.

The employer, we conclude, had ample opportunity to furnish the surgery had it so desired. Instead, it chose to discontinue all treatment knowing that the same was sought and its need asserted.

We next consider the argument that the employer is not liable for any medical expense incurred at the instance of a work-

man after 60 days from the injury unless the services sought to be charged were authorized, prior to their rendition, by a proper order of the State Industrial Court.

The question submitted for our consideration is governed by the provisions of 85 O.S.1951 § 14, which, so far as pertinent, are:

"The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus as may be necessary during sixty days after the injury or for such time in excess thereof as in the judgment of the Commission may be required. If the employer fails or neglects to provide the same within a reasonable time after knowledge of the injury, the injured employee, during the period of such neglect or failure, may do so at the expense of the employer * * *. The Commission shall have authority to order a change of physicians at the expense of the employer when, in its judgment, such change is desirable or necessary; provided, the employer shall not be liable to make any of the payments provided for in this section, in case of a contest of liability, where the Commission shall decide that the injury does not come within the terms of this Act."

Under the plain provisions of the quoted statute, 85 O.S.1951 § 14, the employer is bound to provide medical attention to an injured workman without request or demand, for a period of time in excess of 60 days if necessary, or until the duty is terminated and the obligation extinguished by an order of the State Industrial Court. Higley v. Schlessman, supra; Featherstone Cabinet Shop v. Lebovitz, supra; McMurtry Bros. v. Angelo, 139 Okl. 236, 281 P. 964; Industrial Track Const. Co. et al. v. Colthrop et al., 132 Okl. 77, 269 P. 263. The question of when medical treatment should cease or whether an operation is reasonably necessary is one of fact to

be resolved by the State Industrial Court from competent evidence presented, and until it is so adjudicated, the issue remains pending and stands undetermined. Spartan Aircraft Company v. Merchant, Okl., 274 P.2d 1018. In the exercise of its statutory function the trial tribunal may, upon proper application by either party, if supported by sufficient evidence, direct that specified treatment is required and should be provided in the future by a designated physician, if necessary, or, that all medical treatment should be discontinued. Featherstone Cabinet Shop v. Lebovitz, supra. Such order is in its nature prospective in operation for it approves that which is to be done or desisted from in the future. However, the State Industrial Court may, with equal power and authority, determine, in or prior to the final adjudication of a proceeding, that the employer has, at any time after the injury, failed to furnish necessary treatment with knowledge of its need, and adjudge such employer liable for all necessary and reasonable medical expenses incurred in the past at the instance of the workman during the period of employer's neglect or refusal to discharge his duty. Such order, although retrospective in its scope because it acts upon and authorizes that which has already been done, is likewise proper if supported by competent evidence.

In the City of Bristow v. Capps et al., Okl., 261 P.2d 891, this Court held that medical expenses incurred at the instance of a workman before the filing of his application for increased disability based on change of condition were properly chargeable against the employer, since the trial tribunal is authorized in such award to allow *for past medical services in the same manner and to the same extent as in an original award.* To our way of thinking, this case tends to sustain claimant's contention in the instant case.

An employer, who, before being relieved of his statutory duty by an order of the trial tribunal, takes it upon himself to discontinue medical treatment with knowl-

edge that the same is needed or the right thereto asserted, may not divest the State Industrial Court of jurisdiction to determine his liability for expenses of necessary medical treatment procured by the workman during such neglect or refusal, even though the services sought to be allowed were rendered without a prior approval of the trial tribunal more than 60 days after the injury. Similarly, an injured workman who secures medical treatment which is later adjudged improper and unauthorized will do so at his peril and will assume the risk of liability therefor.

■ The statute does not require a workman to petition the State Industrial Court after 60 days from the injury in order to secure further medical attention which is refused by the employer, nor does it place any time limit beyond which such employee is precluded from procuring medical services at the expense of the employer without a prior order of the trial tribunal. Neither does the statute circumscribe the power of the trial tribunal to allow and approve proper medical expenses for treatment incurred more than 60 days after the injury, either prior or subsequent to the rendition of such services. We are not at liberty to engraft any limitation upon, nor curb, the authority of the State Industrial Court in the absence of a clear legislative intent to that effect.

We conclude that if the employer fails, at any time prior to a final order, to promptly provide medical or surgical attendance for an injured employee with knowledge that same is needed or sought, the State Industrial Court may allow necessary medical expenses incurred by the workman during the period of such neglect or failure in an amount determined to be proper and reasonable. Higley v. Schlessman, supra; McAlester v. Tooman, supra; City of Bristow et al. v. Capps et al., supra; Industrial Track Const. Co. et al. v. Colthrop et al., supra.

Employer relies on Oklahoma Portland Cement Co. v. Frazier, 184 Okl. 321, 87 P.2d 328. In the cited case we held that after the State Industrial Court has denied the claim of an injured workman for expenses of treatment procured by him while the employer was providing medical care, the issue of employer's liability therefor is no longer open and may not be relitigated in an ancillary proceeding by a physician seeking allowance of charges for services previously adjudged as unauthorized. We note, however, that some statements in that case seem to carry beyond its facts and, in so far as these expressions are in conflict with the rule announced in this opinion, they are disapproved and withdrawn.

Lastly, we pass to discuss the argument that there is no competent evidence to support the order allowing reimbursement of claimant's hospital and medical expenses in the aggregate amount of $921.

■ Claimant related in detail each item of expense paid by him in connection with the surgery and treatment incident thereto. He produced receipts to corroborate his testimony. The parties stipulated that: (a) Dr. M., if present, would testify that his services and surgery were necessary; (b) the expenses as shown by the evidence were commensurate with the prevailing medical charges. While the trial judge entertained doubt as to whether the receipts were admissible and refused to receive one such exhibit in evidence, the testimony as to the nature and amount of the expense sought to be established with the aid thereof is in the record and was considered by the judge in computing the total amount of allowance. The testimony of the claimant as to the amount and nature of payments made was clearly competent, and when corroborated by the receipts and coupled with the stipulations, amply supports the order for $921.

■ The pattern of proof as outlined was proper to establish the amount of expenses for which reimbursement was sought. The rights of a third-party medical claimant (such as a physician or a hospital) were not involved, and it was not necessary to treat this phase of the proceeding as one for ancillary relief to the "primary action"

of the employee so as to require the filing of a separate claim or the introduction of hospital records. Bowling v. Blackwell Zinc Co., Okl., 347 P.2d 1024; Cf. Patterson Steel Co. v. Smith, Okl., 353 P.2d 126.

The award for permanent partial disability of 15 per centum to the body as a whole is not challenged.

There was no error in the order authorizing and allowing necessary medical and hospital expenses incurred.

Award sustained.