**SKELLY OIL CO. v. COLLINS et al.**

No. 27909.   Dec. 21, 1937.

W. P. Z. German, A. F. Maloney, and C. L. Swim, for petitioner.

Tom L. Irby, Raymond A. Trapp, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Skelly Oil Company, hereafter referred to as petition-

er, to obtain a review of an award made by the State Industrial Commission in favor of D. O. Collins, hereafter referred to as respondent.

It is conceded that respondent was in the employ of the petitioner on the date of his alleged accidental injury and that he was engaged in a hazardous occupation as defined by the Workmen's Compensation Law of this state.

The State Industrial Commission found that on August 4, 1936, the respondent sustained an accidental personal injury, in the course of and arising out of his employment, which consisted of 'an injury to his neck, shoulders, and back, and that by reason thereof he had been temporarily totally disabled since August 12, 1936, from the performance of ordinary manual labor and in need of medical treatment.

The commission held that the respondent was entitled to compensation from August 12, 1936, to April 19, 1937, less the five-day waiting period, at the rate of $18 per week, and weekly compensation thereafter at the same rate until his temporary total disability had ceased, or until otherwise ordered by the commission, and to further medical treatment, and directed the petitioner to make payment and furnish medical attention accordingly.

The petitioner seeks a review of this award and assigns six specifications of error and illegality therein. These are presented and discussed under four propositions, which may be thus summarized: First, the finding of disability as a result of an accidental injury is not supported by any competent evidence; second, the finding of injury other than to the neck is without the support of any evidence; third, the award directs payment of compensation beyond the period of disability; fourth, the evidence does not authorize the award of further medical attention.

The respondent counters and urges that this court will not disturb an award supported by any competent evidence; that conflicts in evidence will not be weighed, and that the testimony of an expert witness need not be given categorically in order to be competent, and that error, if any, in describing the injury of respondent in broader terms than the evidence justified is harmless.

The decisive question presented for our determination is whether there is any competent proof of causal connection between the fall, which respondent admittedly sustained, and the disability which the commission found to exist. The injury was of such a character as to require skilled and professional men to determine the nature and cause thereof, and therefore necessarily had to be proved by the testimony of skilled and professional persons. St. Louis Mining & Smelting Co. v. State Industrial Commission, 113 Okla. 179, 241 P. 170; Shepard v. Crumby, 146 Okla. 118, 293 P. 1049; Magnolia Petroleum Co. v. Clow, 163 Okla. 302, 22 P. (2d) 378. The only witness thus appearing for the respondent was Dr. Thomas McElroy, who testified that the only pathology that he could find consisted of evidence of new bone thrown out in the region of the transverse processes of the right side of respondent's fifth and sixth cervical vertebrae, and that such condition could have been caused by trauma. The witness further testified that the respondent had given him a history of having been jackknifed, and that in his opinion the pathological condition found could be attributed to such an injury. The witness further testified that, while he would not expect the condition found to result from an ordinary fall, he understood that respondent's neck had been suddenly snapped by the fall which he had had, and that the injury resulted therefrom. He also testified that he had made tests to eliminate other possible causes of the condition he found. This evidence plainly intended to inform the commission that the witness was of the opinion that respondent's disability had resulted directly from his fall. While the testimony could have been more direct, it did not necessarily have to be so given. Where the evidence is sufficiently plain and explicit so as to justify the conclusion reached therefrom, a finding based thereon will not be disturbed by this court. City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. (2d) 1094. As said in the case of Federal Mining & Smelting Co. v. Montgomery, 148 Okla. 145, 297 P. 240:

"An accidental personal injury is the basis of an award of compensation under the Workmen's Compensation Act, and where there is any competent evidence to support the factum of an accidental personal injury, an award based thereon will not be disturbed on appeal."

We are of the opinion that the finding of the commission of disability as the result of an accidental injury is supported by competent evidence, and therefore the first contention of the petitioner cannot be sustained.

Under the second proposition, the peti-

tioner urges that, since there was no proof of any back and shoulder injury, the finding of the commission that the respondent had sustained an injury to his neck, back, and shoulders is too broad and should be limited to the injury concerning which there was competent proof. This contention is well taken and will be sustained.

The petitioner next urges that the award erroneously directs payment of compensation during the continuance of temporary total disability. The order in this respect follows the requirements of the statute (subdivision 2, section 13356, O. S. 1931). The commission found that respondent was temporarily totally disabled on the date the award was made, and there is competent evidence to support such finding. We decline to recede from the rule heretofore announced, to the effect that disability once found to exist will be presumed to continue until the contrary is shown. What has heretofore been said disposes of the remaining contention with respect to the award of further medical attention. Petitioner admits that it refused to furnish such attention, and there was competent evidence before the commission to establish respondent's claim of continued disability, and therefore the commission had authority to order such further medical attention. The finding of injury to neck, back, and shoulders apparently was inadvertently made, since there is no competent evidence in the record to support a finding of any injury to the back and shoulders, and in this respect the award will be modified by striking therefrom all reference to the back and shoulders, and in all other respects will be sustained.

Award modified and sustained.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, CORN, GIBSON, and HURST, JJ., concur. WELCH, PHELPS, and DAVISON, JJ., absent.