SKELLY OIL CO. v. COLLINS et al.

No. 29647. March 10, 1941.

*111 P. 2d 169.*

W. P. Z. German, C. L. Swim, and Hawley C. Kerr, all of Tulsa, for petitioner.

Tom L. Irby and Raymond A. Trapp, both of Ponca City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Skelly Oil Company, petitioner, to review an order for the payment of medical fees and hospital expenses incurred in the treatment of D. O. Collins, an employee of the petitioner. On the 19th day of April, 1937, the State Industrial Commission entered an award for temporary total disability in favor of D. O. Collins. Petitioner prosecuted a proceeding to review the award so entered, and in Skelly Oil Co. v. Collins, 181 Okla. 428, 74 P. 2d 619, this court sustained the award, which, among other things, found under date of April 19, 1937, that the said claimant, D. O. Collins, had been temporarily totally disabled from August 6, 1936, to and including April 19, 1937, allowed the reasonable medical expenses, and found that the said D. O. Collins was entitled to further medical attention. Therein the court in part said:

"The petitioner next urges that the award erroneously directs payment of compensation during the continuance of temporary total disability. The order in this respect follows the requirements of the statute. Subdivision 2, section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, subd. 2. The commission found that the respondent was temporarily totally disabled on the date the award was made and there is competent evidence to support such finding. We decline to recede from the rule heretofore announced to the effect that disability once found to exist will be presumed to continue until the contrary is shown. What has heretofore been said disposes of the remaining contention with respect to the award of further medical attention. Petitioner admits that it refused to furnish such attention and there was competent evidence before the commission to establish respondent's claim of continued disability and therefore the commission had authority to order such further medical attention."

This opinion has become final. Thereafter, on September 15, 1939, the respondent Ponca City Hospital filed its claim, alleging that it had furnished hospitalization for the said D. O. Collins from the 11th day of November, 1936,

to and including October 19, 1937, and its claim was allowed in the sum of $735. On the same date Dr. Thomas McElroy filed his claim for medical treatment from October 7, 1936, to and including the 15th day of January, 1938, and said claim was allowed in the sum of $644.55. It is the order allowing these claims that the petitioner attacks in the proceeding to review the order for medical fees and hospital expenses.

Under the holding of this court in Skelly Oil Co. v. Collins, supra, the State Industrial Commission was authorized to allow the reasonable medical fees and hospital expenses. The reasonableness of the claims of Dr. McElroy and the Ponca City Hospital are not in dispute, as petitioner relies upon the lack of jurisdiction of the State Industrial Commission to allow the said fee and hospital expenses.

Petitioner cites Oklahoma Portland Cement Co. v. Frazier, 184 Okla. 321, 87 P. 2d 328, and Ranney Rig Bldg. Co. v. Givens, 141 Okla. 195, 285 P. 23, and alleges that as therein construed by this court the State Industrial Commission, under the provisions of section 13354, O. S. 1931, 85 Okla. St. Ann. § 14, is without jurisdiction to allow any fees or expenses not incurred within 60 days unless before the expenses are incurred the said D. O. Collins obtained an order for such medical attention and hospitalization. With this contention we cannot agree. In the cases cited above the employer had furnished the necessary medical expenses for 60 days, and in Oklahoma Portland Cement Co. v. Frazier, supra, for a longer time; while in the case at bar the petitioner admits that it has always denied that it was its duty to furnish any medical attention, as is shown by the quoted portion of the opinion above. In Skelly Oil Co. v. Collins, supra, the award which authorized the necessary and reasonable medical expenses and found that the petitioner was liable not only for them and the temporary total disability, but also found that respondent was in need of further medical attention, was sus-

tained. Therefore, the only question before the State Industrial Commission at the time of the entry of the order was the reasonableness of the claims of the respondents. As stated above, the reasonableness of the claims is not in dispute, and we find competent evidence supporting the order.

Order sustained.

CORN, V. C. J., and OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur.