JOHNSON, V. C. J., and CORN, O'NEAL and WILLIAMS, JJ., concur.

STATE HIGHWAY DEPARTMENT et al. v.
POWELL et al.

No. 35754.

Supreme Court of Oklahoma.
July 7, 1953.

bridge for use was wet and sticky. This made it harder to spread due to the fact that it stuck in lumps in the scoop. The testimony shows that it was necessary to do the sanding as quickly as possible so that traffic would not be delayed. For this reason the men worked faster than in ordinary handling of gravel or sand.

Hubbard testified that he was driving slowly across the bridge when he heard a thump so that he thought his truck had been bumped. He looked back and saw deceased lying down with his head in Williams' lap. Williams testified that he did not see deceased fall but heard him fall and called out to the truck driver and then picked deceased up so as to place deceased's head in witness' lap. Deceased was taken to a doctor at Harrah. He never revived.

 It is first argued that the evidence is insufficient to establish an accidental injury. In Carden Mining & Milling Co. v. Yost, 193 Okl. 423, 144 P.2d 969, 971, it is stated:

> "Disability attributable to a condition of the heart is compensable under the Workmen's Compensation Law in this jurisdiction if traceable to an accidental personal injury sustained in the course of and arising out of a hazardous employment covered by the act. Richards v. State Industrial Commission, 143 Okl. 29, 287 P. 69. Our holding in this respect is in accord with the view which obtains in most other jurisdictions. See annotations appearing in 19 A.L.R. 95, at page 110; 28 A.L.R. 204, at page 209; 60 A.L.R. 1299, at page 1314."

See, also, Clarksburg Paper Co. v. Roper, 196 Okl. 504, 166 P.2d 425; Gulf Oil Corporation v. Rouse, 202 Okl. 395, 214 P.2d 251; and Boettcher Oil & Gas Co. v. Lamb, Okl.Sup., 255 P.2d 277.

Petitioners refer to the case of National Biscuit Company v. Lout, 179 Okl. 259, 65 P.2d 497. This case and Oklahoma Leader Co. v. Wells, 147 Okl. 294, 296 P. 751, have been distinguished so many times in subsequent opinions that we see no need to further discuss the distinctions except to say that they are based upon the fact that there

---

Mont R. Powell, William R. Saied and Sam Hill, Oklahoma City, for petitioners.

Rinehart & Rinehart, El Reno, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

Claimant, Lois Irene Powell, obtained an award under the provisions of 85 O.S.1951 § 3.1 wherein the State Industrial Commission found that Edgar Stanley Powell died due to an accidental injury arising out of and in the course of his employment. This proceeding is brought by the petitioners, State Highway Department and State Insurance Fund, insurance carrier, to review the award.

The evidence shows that Edgar Stanley Powell, age 61 years, died November 5, 1951, while in the employment of the State Highway Department. Three men from the Highway Department were sanding the North Canadian bridge near Harrah, Oklahoma, on that date. The bridge was icy and one man drove a truck across the bridge while two men shoveled sand with gravel scoops. John Milton Hubbard drove the truck and deceased and Edwin Williams shoveled the sand from the bed of the truck. The purpose was to spread the sand so that vehicles could obtain traction on the icy bridge. It had rained a short time before and the sand which had been piled near the

was no evidence of any strain which caused a disability. See Terminal Oil Mill Co. v. Younger, 188 Okl. 316, 108 P.2d 542, and Knotts Bakery v. Freudenthaler, 188 Okl. 321, 108 P.2d 540. Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465, 468, was one of the last cases in which we analyzed and discussed the related cases. Therein it is stated:

> "The language used in all of these cases indicates that it is the strain which constitutes the accidental injury. If there is any unusual incident or condition it is mentioned as evidence to support the finding as to the strain."

█ The State Industrial Commission did not err in finding that there was an accidental injury in the case under consideration.

In the second and final argument it is stated that the medical testimony is not sufficient to sustain the finding that the death resulted from an accidental injury, to-wit, the heart attack. The petitioners cite one case, that of Bergstrom Painting Co. v. Pruett, 205 Okl. 291, 237 P.2d 453, in which this court vacated an award where the only medical testimony was that claimant would probably have a 25 per cent disability to the back. In that case it was held that there was no evidence of a present disability. Petitioners argue that the medical testimony is uncertain, vague, and the award based on speculation and conjecture. Dr. Catto in answer to a hypothetical question assuming all the elements of the above-cited facts stated in his opinion the deceased died of a heart attack due to exertion. Petitioners state the doctor said he assumed that the death was due to exertion. A somewhat similar situation was discussed in Skelly Oil Co. v. Collins, 181 Okl. 428, 74 P.2d 619, 620. Therein this court said:

> " * * *. This evidence plainly intended to inform the commission that the witness was of the opinion that respondent's disability had resulted directly from his fall. While the testimony could have been more direct it did not necessarily have to be so given. Where the evidence is sufficiently plain and explicit so as to justify the conclusion reached therefrom, a finding based

thereon will not be disturbed by this court."

Under the rule announced therein and promulgated in City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094; Magnolia Petroleum Co. v. Clow, 163 Okl. 302, 22 P.2d 378; Burch v. Slick, 167 Okl. 639, 31 P.2d 110, and Swift & Co. v. Brown, 202 Okl. 572, 216 P.2d 294, we are of the opinion and hold that there is competent evidence to sustain the finding that the death resulted from the accidental injury.

Award sustained.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, ARNOLD, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.