**W. T. ROBINSON TRUCKING CO. et al.**

v.

**WOMACK et al.**

No. 36070.

Supreme Court of Oklahoma.

Feb. 9, 1954.

Looney, Watts, Ross, Looney & Smith, Oklahoma City, for petitioners.

Wise & Liebel, Oklahoma City, for respondents.

CORN, Justice.

On January 27, 1953, C. J. Womack, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by W. T. Robinson Trucking Company he sustained an accidental injury arising out of and in the course of his employment. The State Industrial Commission entered an award for 32.5 per cent disability to the body as a whole, and this proceeding is brought by the employer and its insurance carrier, hereinafter called petitioners, to review the award.

It is first argued that there is no competent evidence to support the finding that claimant sustained an accidental injury arising out of and in the course of his employment. The evidence discloses that on or about the 30th day of October, 1952, claimant was employed as a truck driver for the employer and while loading a spudding machine for drilling purposes near Velma, Oklahoma, he sustained an accidental injury due to strain. The machine used had several tools and in connection therewith some of these tools were heavy and the strain in lifting and unloading caused the injury. The chief objection to the testimony of claimant is that no definite time of day and in fact no definite day is fixed when the accident occurred. Claimant stated that the injury occurred while he was lifting but that he did not think there was any serious injury at the time. Soon thereafter he went to a doctor in Duncan who sent him to a doctor at Lawton, Oklahoma. On or about the 16th or 17th day of November, 1952, he advised his employer that the doctor at Lawton advised claimant he had received an injury to his spine and that it was the opinion of the doctor that he was injured in the course of his employment. Under the rule announced in Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465; Gulf Oil Corp. v. Rouse, 202 Okl. 395, 214 P.2d 251; and Shell Oil Co., Inc. v. Thomas, 202 Okl. 190, 211 P.2d 263, we are of the opinion and hold that the evidence was sufficient to authorize the State Industrial Commission to find that claimant sustained an accidental injury arising out of and in the course of his employment.

Petitioners do not raise the issue that the medical testimony does not support a finding of a disability due to accidental injury.

Petitioners also urge that it was error to allow the expenses for medical services because the claimant did not request the employer to furnish medical attention. Petitioners cite Sheldon Oil Co. v. Thompson, 176 Okl. 511, 56 P.2d 1171; Skelly Oil Co. v. Skinner, 162 Okl. 150, 19 P.2d 548; St. Louis Smelting & Refining Co. v. State Industrial Commission, 86 Okl. 216, 207 P. 734.

In Oklahoma Utilities Co. v. Johnson, 179 Okl. 456, 66 P.2d 10, we point out the error in the cases failing to take notice of the amendment of what is now 85 O.S.1951 § 14 and stated the correct rule as follows:

"Under section 13354, O.S.1931 (85 Okl.St.Ann. § 14), if the employer fails or neglects to provide promptly for an injured employee medical, surgical, or other attendance or treatment, nurse and hospital service within a reasonable time after knowledge of the injury, the injured employee during the period of such neglect or failure may do so at the expense of the employer.".

Petitioners also argue that the order as to medical expenses is indefinite and uncertain and that the cause must be remanded to the State Industrial Commission for further order. The evidence is convincing that, on November 19, 1952, claimant requested petitioner to furnish him medical treatment. The order as to medical expenses allows only such bills and expenses as are duly incurred from the last mentioned date. Swift & Co. v. Walden, 176 Okl. 268, 55 P.2d 71. Under the above cases the order of the State Industrial Commission as to medical services was sufficient. See, also, in this connection Skelly Oil Co. v. Collins, 188 Okl. 514, 111 P.2d 169.

In the third and final proposition we shall discuss the contention of the petitioners that the State Industrial Commission erred in excusing the giving of the statutory written notice required by 85 O.S.1951 § 24, on the ground that the employer or insurance carrier, as the case may be, was not prejudiced by a failure to give it. This contention cannot be sustained. In Jones v. Oliver, 204 Okl. 164, 228 P.2d 173, 175, it is stated:

"We have heretofore held that a finding of the Commission supported by the evidence that the employer within the 30 day period provided by statute for giving written notice had actual knowledge of an injury may be sufficient to justify the further finding of 'no prejudice,' in the absence of a showing by the employer or insurance carrier to the contrary. Gulf Oil Corp. v. Garrison, 183 Okl. 631, 84 P.2d 12; Shell Oil

Corp. v. Thomas, 202 Okl. 190, 211 P. 2d 263."

The evidence is sufficient to support the finding that within the statutory period of 30 days claimant informed his employer that the physician at Lawton advised him that he needed medical attention and that the employer refused to furnish any medical attention or incur or authorize any expense in connection therewith voluntarily on its part. Under the rule announced in Jones v. Oliver, supra, and Shell Oil Company, Inc. v. Thomas, supra, and Special Indemnity Fund v. McFee, 200 Okl. 288, 193 P.2d 301, there was no error in excusing the giving of the statutory written notice.

Award sustained.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.

O'NEAL, J., dissents.