**SHELL OIL COMPANY, a corporation, Petitioner,**

v.

**Hurshell L. THOMAS, and State Industrial Commission of the State of Oklahoma, Respondents.**

**No. 36121.**

Supreme Court of Oklahoma.

June 1, 1954.

Rehearing Denied Oct. 19, 1954.

Jesse M. Davis, Gordon Watts, Tulsa, for petitioner.

Claud Briggs, Paul Pugh, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

On the 6th day of April, 1945, Hurshell L. Thomas, hereinafter called claimant, sustained an accidental injury while in the employ of petitioner, Shell Oil Company. The extent of disability was formerly determined in Shell Oil Co., Inc., v. Thomas, 202 Okl. 190, 211 P.2d 263, 264. Therein it is stated:

"Claimant in his amended claim for compensation stated that the injury complained of was that while starting a gas engine on the J. H. Dillard lease of petitioner in Carter County, he severely injured his left leg, caused a rupture on his right side, and aggravated an old injury to his right arm, and that the injury was permanent. * *"

Claimant thereafter filed an application for further award on the ground of a change in condition. Following hearings, an award was entered for total permanent disability jointly against Special Indemnity Fund and petitioner. Petitioner alone appeals.

Claimant testified that his leg was in a much worse physical condition and that the hernia is enlarged to such an extent that claimant is forced to lie down on occasions to allow the protrusion to assume a normal condition. Dr. M, who examined claimant prior to his original award, testified in the present hearings. He stated that the only remedy for the leg is an amputation; that it will never be any better; that by reason of the leg and the hernia claimant is totally and permanently disabled. The arm is in the same condition as at the time of the prior award.

■ Petitioner first argues that since the only disability is to the leg and for a specific disability that an award for permanent total disability is not authorized. We do not agree. Although the above reference in the opinion is the only statement of condition as to the hernia a reference to the medical testimony in the first proceeding discloses that a hernia, first evidenced in 1942, was enlarged and aggravated by the original injury in 1945. There is competent evidence that there has been a change of condition in both the leg and the hernia and that by reason of the change in condition claimant has a permanent total disability.

■ Finally petitioner argues that there is no medical evidence that the change in condition is due to the original injury. In this connection petitioner first argues that Dr. M stated that the hernia occurred in 1942. This assumption overlooks the fact that it was adjudicated in Shell Oil Co., Inc. v. Thomas, supra, that the hernia resulted from the accidental injury of 1945. The statement of the physician is that the hernia which commenced in 1942 was aggravated by the accidental injury of 1945. We hold the evidence sufficient to show that the hernia was aggravated by the original accidental injury. Petitioner argues that no physician testified categorically that the change of condition was due to the original

injury. We find this position of petitioner somewhat technical in view of the real issue presented at the hearings. The question presented at the hearings on change of condition was not a conflict of testimony as to what caused the present condition but the degree of disability claimant had in comparison with the physical condition found to exist at the time of the award in 1946.

■ In State Highway Department v. Powell, Okl.Sup., 258 P.2d 1189, we considered an argument that there was no medical evidence that the disability was due to the asserted injuries. Therein we cited Skelly Oil Co. v. Collins, 181 Okl. 428, 74 P.2d 619, 620, in which it is stated:

"* * * This evidence plainly intended to inform the commission that the witness was of the opinion that respondent's disability had resulted directly from his fall. While the testimony could have been more direct it did not necessarily have to be so given. Where the evidence is sufficiently plain and explicit so as to justify the conclusion reached therefrom, a finding based thereon will not be disturbed by this court. * * *"

These are not cases involving a change of condition. The rule should be more readily applied in cases of a change of condition where the actual or real controversy involves not the cause of the disability but the extent thereof and whether there has been a change in condition. The petitioners made no attempt to show either by cross-examination or offer of medical evidence that any other accident or disease caused claimant's present condition. Under the above rule and the rule announced in City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094 and Swift & Co. v. Brown, 202 Okl. 572, 216 P.2d 294, we hold there is competent evidence reasonably tending to support the finding that the change in condition was due to the original injury.

Award sustained.

JOHNSON, V. C. J., and WELCH, CORN, ARNOLD, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.