**CALHOUN CONSTRUCTION COMPANY,
and State Insurance Fund, Petitioners,**

v.

**J. D. SEXTON and the State Industrial
Commission of the State of Oklahoma,
Respondents.**

No. 36642.

Supreme Court of Oklahoma.

Oct. 11, 1955.

Mont R. Powell, William R. Saied, Oklahoma City, for petitioners.

Mac Q. Williamson, Atty. Gen., Richard M. Huff, Asst. Atty. Gen., for respondents.

CORN, Justice.

On the 23rd day of April, 1954, J. D. Sexton, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that he sustained an accidental injury while employed by Calhoun Construction Company, employer. Following hearings conducted to determine the cause and extent of disability an award was entered for the claimant for temporary total disability and this proceeding is brought by the employer and its insurance carrier, hereinafter referred to as petitioners, to review the award.

The record discloses that claimant was employed in oil field construction work, and at the time of his injury was engaged in laying heavy lengths of pipe. He had previously been injured and sus-

tained disability to his back. On the 21st day of April, 1954, he sustained his injury in the case under consideration. He had gone to his truck to place his tools in a compartment under the truck and had crawled under the truck and was lying down and while lying down completed placing the tools in the truck and rolled over to get up from his prone position and was unable to rise from this position. Dr. M. was called to testify for the petitioners. On cross-examination he was questioned by claimant as to whether or not claimant had sustained an accidental injury on April 21, 1954. The effect of the doctor's testimony is that claimant did sustain an accidental injury due to strain on that date and he is totally disabled by reason thereof.

It is argued that claimant did not sustain an accidental injury within the meaning of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., and that there is no competent evidence in the record to show that the disability he now has is the result of an accidental injury.

Petitioners cite National Biscuit Co. v. Lout, 179 Okl. 259, 65 P.2d 497; Skaggs v. Bennett Van & Storage, Inc., 204 Okl. 32, 226 P.2d 419; Phillips Petroleum Co. v. Eaves, 200 Okl. 21, 190 P.2d 462; in support of their argument that the evidence is insufficient to sustain the finding that claimant suffered an accidental injury. The cases applicable are: Southwestern Stamp Works v. Sanders, 206 Okl. 41, 240 P.2d 1081; Atlas Coal Corporation v. Scales, 198 Okl. 658, 185 P.2d 177; Lone Star Steel Co. v. State Industrial Commission, Okl., 271 P.2d 327; Acme Material Co. v. Wheeler, Okl., 278 P.2d 234; State Highway Department v. Powell, Okl., 258 P.2d 1189; Liberty Glass Co. v. Guinn, Okl., 265 P.2d 493; Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465; W. T. Robinson Trucking Co. v. Womack, Okl., 266 P.2d 971; Frank and Sharp v. Whiting, Okl., 276 P.2d 759. In W. T. Robinson Trucking Co. v. Womack, supra, we said:

"A finding by the State Industrial Commission that claimant sustained an accidental injury due to strain will not be disturbed on review where it is reasonably supported by the evidence."

In National Biscuit Co. v. Lout, supra, and related cases there was no competent evidence that any strain caused the accidental injury and there was no evidence of any medical expert that any strain caused by the employment of claimant resulted in any disability. The testimony of Dr. M. is that claimant sustained an accidental injury due to strain in the course of his employment on April 21, 1954. The fact situation is very similar to that in Acme Material Co. v. Wheeler, supra. Therein the recognition of the pain resulting from the injury was delayed so that it was claimed that there was no strain incident to the asserted disability but we held that there was competent evidence that the disability resulted from a strain received in the course of the employment. If there is evidence of a strain and medical evidence that the strain caused the disability this is sufficient to support a finding that there has been an accidental injury even though the disability discloses its presence at a time not related to a specific physical effort. In the case under consideration the medical testimony of Dr. M. clearly supports the finding of the State Industrial Commission that when claimant crawled out from under the truck and attempted to arise he was unable to do so due to an accidental injury received in the course of his employment and that such injury was due to the heavy lifting in the course of that employment. There is competent evidence reasonably tending to support the finding of the State Industrial Commission that the disability of claimant is due to the accidental injury sustained on April 21, 1954.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and HALLEY, BLACKBIRD and JACKSON, JJ., concur.