CHARLES BANFIELD COMPANY and Equity Mutual Insurance Company, Petitioners,

v.

The STATE INDUSTRIAL COMMISSION and Bernie B. Brown, a Beneficiary of Herbert B. Brown, Deceased, Respondents.

No. 37548.

Supreme Court of Oklahoma.

March 26, 1957.

Green & Feldman, William S. Hall, Tulsa, for petitioners.

Vural L. Gilley, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Justice.

On the 16th day of January, 1956, Bernie B. Brown, hereinafter called claimant, filed her claim for compensation under the death benefit provisions of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., stating that while employed by Charles Banfield Company, Herbert H. Brown, her husband, sustained an accidental injury December 27, 1955, resulting in death. An award was made by the State Industrial Commission for the maximum amount, $13,500, and this proceeding is brought by Charles Banfield Company, employer, and its insurance carrier, Equity Mutual Insurance Company, to review the award.

The evidence discloses that decedent, Herbert H. Brown, was a butcher employed by the Charles Banfield Company, a wholesale and retail meat establishment, in Tulsa, Oklahoma. The establishment had been closed Sunday and Monday, December 25 and 26, 1955, and decedent together with other employees, including his son who was also employed as a butcher, arrived at the establishment at 6 a. m. on Tuesday, December 27th. The son, Robert L. Brown, testified that he went to work on the morning of the 27th at 6 o'clock whereas he usually went to work at 7:30; that he and his father began filling the meat counters. For this purpose they filled meat trays weighing approximately 25 pounds with approximately 20 pounds of meat; that they carried 3 or 4 or maybe 5 of these trays. They then took the hams which weighed on an average of 17 pounds, lifting them from hooks in the cooler, unsacked them and placed them in a tub. This tub was on rollers. The tub when filled weighed between 350 and 400 pounds; after it was filled it was rolled over a rough, uneven cement floor to the meat counters. The rollers on the tub were hard to turn because they were bent. He and his father filled the tub this morning three or four times. They then completed servicing the counters, meanwhile waiting upon the trade when necessary. The work was heavier than usual due to the fact that orders had to be filled and customers served after a two day closing period. At approximately 9:30 in the morning, Robert L. Brown saw his father leaning on the counter. Decedent was taken to a room to rest and sent home. He was examined by a physician who immediately sent him to a hospital in Tulsa.

Dr. B. testified that on the 27th day of December, 1955, he examined decedent at his home and diagnosed his condition as coronary occlusion and immediately sent him to the hospital. Witness saw decedent thereafter until his death at 6 p. m. on the 29th day of December, 1955.

The doctor testified in answer to the trial judge's hypothetical question, in effect agreed to by counsel as encompassing all necessary and relevant matters of evidence, that the work done by claimant's decedent in his opinion would either aggravate or cause the condition which resulted in his death.

The petitioners present the sole argument that the evidence is insufficient to sustain the finding that decedent sustained

**276**

an accidental injury arising out of and in the course of his employment resulting in death. In Baker v. Harris, Okl., 302 P.2d 129, we said:

"Disability attributable to a condition of the heart is compensable under Workmen's Compensation Law, 85 O.S. 1951 § 1 et seq. in this jurisdiction if it originated in an accidental personal injury sustained in the course of hazardous employment covered by the act."

Where there is evidence of a strain arising out of and in the course of the employment and evidence that the strain caused a disability, this constitutes evidence from which the Commission is authorized to find that the employee sustained an accidental injury within the meaning of the Workmen's Compensation Law. Calhoun Const. Co. v. Sexton, Okl., 288 P.2d 705; Southwestern Stamp Works v. Sanders, 206 Okl. 41, 240 P.2d 1081; Atlas Coal Corporation v. Scales, 198 Okl. 658, 185 P.2d 177; Lone Star Steel Co. v. State Industrial Commission, Okl., 271 P.2d 327; Acme Material Co. v. Wheeler, Okl., 278 P.2d 234; State Highway Department v. Powell, Okl., 258 P.2d 1189; Liberty Glass Co. v. Guinn, Okl., 265 P.2d 493; Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465; W. T. Robinson Trucking Co. v. Womack, Okl., 266 P.2d 971; Frank and Sharp v. Whiting, Okl., 276 P.2d 759. In Choctaw County v. Bateman, supra, it is stated [208 Okl. 16, 252 P.2d 468]:

"The language used in all of these cases indicates that it is the strain which constitutes the accidental injury. If there is any unusual incident or condition it is mentioned as evidence to support the finding as to the strain."

There is competent evidence reasonably tending to support the finding that decedent sustained an accidental injury resulting in his death.

WELCH, C. J., CORN, V. C. J., and JOHNSON, BLACKBIRD, JACKSON, and CARLILE, JJ., concur.