W. J. YOUNG, Iva B. Hilt, H. P. Forker, H. P. Forker, Jr., and Hartford Accident and Indemnity Company, Petitioners,

v.

Minnie E. NEELY and State Industrial Court, Respondents.

No. 38935.

Supreme Court of Oklahoma.

May 24, 1960.

Rehearing Denied June 21, 1960.

Covington & Gibbon, Tulsa, for petitioners.

Hamilton & Kane, Pawhuska, A. E. Montgomery, Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Chief Justice.

Minnie E. Neely, claimant, widow of John G. Neely, employee, obtained an award under the death benefit provisions of the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq., for the maximum statutory amount of $13,500. Employers and their insurance carrier, hereinafter referred to collectively as petitioner, bring the proceeding before this court to obtain a review.

The award is sought to be vacated for insufficiency of evidence upon which to base the finding of the trial tribunal that employee's death resulted from an accidental personal injury within the meaning of the Workmen's Compensation Law. The challenge so presented, petitioner contends, relates to a jurisdictional question and this court will weigh the evidence to make an independent determination of the issue. We cannot accede to this view.

Whether or not claimant received an accidental injury is a question of fact to be resolved by the State Industrial Court. Its finding upon this issue will not be disturbed on review where based on competent evidence reasonably tending to support it. Merrill v. State Industrial Commission, et al., Okl., 290 P.2d 1095; Shell Oil Co., Inc. v. Thomas et al., 202 Okl. 190, 211 P.2d 263; Sinclair Prairie Oil Co. v. Stevens, 194 Okl. 109, 148 P.2d 176; Le Flore-Poteau Coal Co. v. Thurston, 184 Okl. 178, 86 P.2d 284.

Claimant's evidence may be summarized thusly: employee was pumper, 73 years of age, who attended two oil wells operated by petitioner near Skiatook, Oklahoma. He lived approximately two miles from the lease. Each well under his charge was equipped with a one-cylinder, five horsepower engine propelled by natural gas. The engines were unshielded from weather. It was his duty to start the engines every morning with the use of a crank. Barring flooding only several spins or turns were required under normal conditions to set the motor in motion, but in damp weather, witnesses testified, this work was more strenuous and tiring as the engines would become difficult to start. On such occasions employee had frequently asked a neighbor to accompany him to the lease and help set the engines in operation. The neighbor would turn the crank, while employee held the gas valve to adjust and regulate the intake of fuel. If the engine did not start after a number of whirls, he would turn off the valve and wait a few minutes for the gas already accumulated in the chamber to escape. In the meantime, employee and the neighbor would step aside and smoke a cigarette before attempting to again start the engine. This, the testimony shows, had been his practice.

On May 5, 1958, employee left his home at 7:30 A.M. It was a damp morning as it had rained "a little" the night before. He wore his rubber overshoes. Approximately two hours later he was discovered dead on one of petitioner's well sites. When so found the engine on the adjoining lease of petitioner had been started and was in operation. Employee's body was on the ground, partly over the lower wire of the

fence, lying within 11–15 feet from the engine on top of which lay his gloves. The engine was not running. The crank was in the motor shaft. When not in use, one witness testified the crank was left lying on the base or ledge of the motor. Near the body, within a few inches from his hand, a package of cigarettes and a lighter were found on the ground. A doctor, who arrived two hours later, stated in his report (filed in the trial tribunal) that coronary occlusion was the cause of employee's death.

Dr. S., testifying for the claimant, stated in answer to a hypothetical question, encompassing all the relevant and essential facts as outlined, that in his opinion excessive exertion "contributed or was the causative factor in producing a coronary occlusion, which in turn produced what we call a myocardial infarction", causing sudden death. Dr. J., another expert witness for the claimant, gave an opinion in reply to the same hypothetical question that coronary occlusion was the "most likely cause of sudden death". It was probable, Dr. J. continued, that the "final event" was induced by exertion, if it was "unusual" for the decedent.

It is argued the evidence does not disclose any excessive degree of exertion by the employee, and is insufficient to establish the factum of an accidental injury.

■ We are firmly committed to the rule that disability attributable to a condition of the heart caused or precipitated by antecedent strain or exertion arising out of and in the course of hazardous employment constitutes an accidental injury within the meaning of the Workmen's Compensation Act. Rigdon & Bruen Oil Company v. Beerman, Okl., 346 P.2d 169; Sinclair Oil and Gas Co. v. Cheatwood et al., Okl., 350 P.2d 944; Reints v. Diehl, Okl., 303 P.2d 641; Charles Banfield Co. v. State Industrial Commission, Okl., 309 P.2d 274; Baker et al. v. Harris et al., Okl., 302 P.2d 129; State Highway Department v. Powell, Okl., 258 P.2d 1189; Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465; Terminal Oil Mill Co. v. Younger, 188 Okl. 316, 108 P.2d 542.

■ Strain and exertion arising out of and in the course of employment constitutes ipso facto an accidental injury. Choctaw County v. Bateman, supra. It may be proved either by direct or circumstantial evidence alone. In Marby Construction Co. v. Mitchell, Okl., 288 P.2d 1108, 1110, it is stated:

> "'In a workmen's compensation case, it is not required that the claimant shall establish his right to an award by direct evidence alone, or that he produce an eyewitness to the accident. Circumstantial evidence may be used to establish the claim, and it is not necessary that the circumstantial evidence should rise to that degree of certainty as to exclude every reasonable conclusion other than that found by the trial court.'"

■ From the circumstances in the record it is reasonable to conclude that when death occurred on the morning of May 5, employee had already started one of petitioner's engines and was attempting to start the other. This, according to the testimony, constituted in damp weather a strenuous and tiring physical effort in which decedent would not ordinarily engage without help from his neighbor. We find the evidence sufficient to indicate that the duties performed by the employee immediately preceding his death required excessive strain and exertion.

■ Neither can we agree that the medical evidence is conjectural and too indefinite to establish that the death resulted from an accidental injury sustained during the employment. In Baker et al. v. Harris et al., supra [302 P.2d 130], we said:

> "As stated in Nu-Way Laundry & Cleaners v. State Industrial Commission, 194 Okl. 101, 147 P.2d 795, 796:
>
> "'* * * the problem before us is to determine whether the evidence as a whole, including the testimony of this

medical expert, makes out a bare cause of possibility or goes beyond and makes the situation one of probability, that is probable causal connection, * * *'"

As we view the testimony of Drs. S. and J. it was their opinion that coronary occlusion produced by antecedent exertion was the probable cause of employee's death. This is sufficient evidence to support the finding of the trial tribunal. In Baker et al. v. Harris et al., supra, we said:

"In Nu-Way Laundry & Cleaners v. State Industrial Commission, supra, it is stated:

"'Where an award is sought to be vacated on the ground that the expert's testimony was insufficient to establish a causal relation between a personal accidental injury and a subsequent disability, said award will not be vacated if the testimony of the expert witness establishes that the disability was the probable result of the injury.'"

It is urged death may have been precipitated by a sudden spontaneous heart failure, brain stroke or other causative factors unrelated to and disconnected from employment. The tenor of expert testimony for claimant is clearly intended to exclude such causes. It stands uncontradicted as no medical proof was offered by petitioners to support their suggested theory.

While the medical testimony admitted could have been more direct it did not necessarily have to be given in categorical terms. When the evidence is sufficiently plain and explicit so as to justify the conclusion reached therefrom, a finding based thereon will not be disturbed by this court. City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094; Skelly Oil Co. v. Collins, 181 Okl. 428, 74 P.2d 619; Frank and Sharp v. Whiting, Okl., 276 P.2d 759.

We are of the opinion and hold that there is competent evidence to support the finding that the death of John G. Neely resulted from the accidental injury of May 5, 1958.

Award sustained.