**SPECIAL INDEMNITY FUND of the State of Oklahoma, Administered by the State Insurance Fund, Petitioner,**

v.

**Jesse G. MOORE and the State Industrial Court of the State of Oklahoma, Respondents.**

No. 39066.

Supreme Court of Oklahoma.

June 13, 1961.

Rehearing Denied Sept. 26, 1961.

Mont R. Powell, Moraul Bosonetto, Oklahoma City, for petitioner.

Dean Rinehart, El Reno, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

On the 22nd day of December, 1958, Jesse G. Moore, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by James Hotel Corporation he sustained an accidental injury arising out of and in the course of his employment on December 4, 1958. An award was entered against Special Indemnity Fund for 50 percent disability to the body as a whole, and this proceeding is brought by the Fund to review the award.

The record discloses that settlement on joint petition has been made by claimant with the Hotel Corporation, employer, and thereafter a hearing was conducted to determine the liability of Special Indemnity Fund by reason of physical impairment as provided by 85 O.S.1951 § 172. The evidence further discloses that claimant was employed as a part time elevator operator. He testified he was operating a freight elevator on the date of the injury; that a convention was in progress at the hotel and his duties were to haul and help empty barrels of trash weighing as much as two hundred pounds; that he hauled between eight and eighteen of these barrels that day; that he strained himself and felt a hurting

in his chest and arms. He was hospitalized and treated for a heart ailment.

Dr. F. testified that due to all of his disabilities he is totally and permanently disabled; that he had a permanent heart condition due to the last injury. The State Industrial Court entered an award in part as follows:

"That when claimant sustained his last compensable injury to his heart, he was a previously impaired person by virtue of a prior total loss of his right index finger in 1936; and injury to his left hand in 1932; injury to his right leg in 1928; total loss of hearing in 1940 in left ear and total loss of sight in the left eye; which injuries were obvious to an ordinary layman; that the disability sustained by reason of said injuries constituted claimant a 50 percent permanently partially disabled person prior to his last accident.

"That due to said last accident claimant sustained an additional 50 percent permanent partial disability to the body as a whole; and that by reason of the combination of all the disabilities above described, claimant is now permanently and totally disabled and is entitled to compensation for 500 weeks at $21.67 per week, less 250 weeks for his last accidental personal injury, leaving the Special Indemnity Fund obligated to pay compensation to claimant for 250 weeks at the rate of $21.67 per week, or the total amount of $5,417.50."

■ Petitioner first argues there is no competent evidence that claimant sustained an accidental injury by reason of which he is totally and permanently disabled. In Baker et al. v. Harris et al., Okl., 302 P.2d 129, it is stated:

"Disability attributable to a condition of the heart is compensable under Workmen's Compensation Law, 85 O.S. 1951, § 1 et seq., in this jurisdiction if it originated in an accidental personal injury sustained in the course of hazardous employment covered by the act."

In Charles Banfield Company et al. v. State Industrial Commission et al., Okl., 309 P.2d 274, 276, it is stated:

"Where there is evidence of a strain arising out of and in the course of the employment and evidence that the strain caused a disability, this constitutes evidence from which the Commission is authorized to find that the employee sustained an accidental injury within the meaning of the Workmen's Compensation Law. * * *"

Cited in support of the above statement in Charles Banfield Co., supra, are: Calhoun Const. Co. v. Sexton, Okl., 288 P.2d 705, and Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465, 468. In Choctaw County v. Bateman, supra, it is stated:

"The language used in all of these cases indicates that it is the strain which constitutes the accidental injury. If there is any unusual incident or condition it is mentioned as evidence to support the finding as to the strain."

■ We are of the opinion and hold there is competent evidence reasonably tending to support the finding of the State Industrial Court that claimant sustained an accidental injury December 4, 1958, and is totally and permanently disabled by reason of the combination of the prior disability and the disability resulting from the latter injury.

Petitioner also argues there is no evidence that claimant sustained a disability of 50 percent to the body as a whole due to the last injury. Petitioner states Dr. F. did not testify what degree of disability resulted from the latter injury. The statement of Dr. F. is as follows:

"It is my opinion that this patient was a previously disabled person under the law prior to his last injury. It is my opinion that by reason of the combination of the above mentioned pre-existing disabilities that this patient had a 50% partial permanent disability to the body as a whole for the performance of ordinary manual labor prior to his last accident. As a result of the pa-

tient's last accident, the patient developed a coronary insufficiency and sustained additional disability to the body as a whole for the performance of ordinary manual labor. It is my opinion that there is a material increase in the disability to the body as a whole by reason of the combination of the pre-existing disabilities to the body and the disability as the result of the present injury. It is my opinion that this material increase resulting from the combination of the pre-existing 50% disability and the disability resulting from the present injury is such that the patient is now totally and permanently disabled from the performance of ordinary manual labor from all causes."

■ The question to be determined is not whether Dr. F. fixed the degree of disability resulting from the latter injury, but whether from the testimony of all the medical expert witnesses there is sufficient evidence which authorizes the State Industrial Court to find there is a 50 percent disability to the body as a whole due to the latter injury. In City of Kingfisher et al. v. Jenkins et al., 168 Okl. 624, 33 P.2d 1094, 1095, it is stated:

"We have said in Magnolia Petroleum Co. v. Clow, 163 Okl. 302, 22 P.2d 378:

"'Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons.'

"And to the same effect in Eagle-Picher Lead Co. v. Black, 164 Okl. 67, 22 P.(2d) 907. This does not mean that the testimony of such skilled and professional persons has to be given categorically, but when their testimony is sufficiently plain and explicit as to justify the meaning assigned it by the commission and the finding based thereon, this court will not disturb such find-

ing, and in that event the finding will be considered as any other question of fact and given weight accordingly. See Amerada Pet. Corp. v. Cook, 152 Okl. 98, 3 P.(2d) 667. * * *"

We are of the opinion and hold that the finding of the State Industrial Court that the claimant sustained a disability of 50 percent to the body as a whole due to the latter injury is supported by the evidence.

Award sustained.

WELCH, DAVISON, HALLEY and BERRY, JJ., concur.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and JACKSON and IRWIN, JJ., dissent.